IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-69,313-01






EX PARTE JOSHUA STEVEN ROMO, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 05-73295-P IN THE 203rd DISTRICT COURT

FROM DALLAS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to second-degree
robbery and, after a period of deferred adjudication, was found guilty and sentenced to five years'
imprisonment. He did not appeal his conviction. 

 Applicant contends that he is actually innocent of robbery and provides an affidavit from the
victim stating that he assaulted her, but did not steal her bike as was alleged in the indictment. The
State obtained the affidavit from the victim and joins in the request to have Applicant be found
actually innocent of the second-degree robbery. The trial court also recommended granting relief. 
This Court needs more information before it can decide this application on its merits. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to what alerted the State
that Applicant may not be guilty of second-degree robbery and how and why the State obtained the
affidavit from the victim. The trial court shall make findings of fact as to the facts of this case,
specifically as to whether there is any evidence that Applicant intended to steal the bicycle, even if
he did not actually take possession of it, and if the record would support a conviction on a lesser-included charge, such as the assault conceded by Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 2, 2008

Do not publish